UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:22-CR-00225-1 |
| | ) | |
| | ) | (BRANN, C.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| NOEL RIVERA-LEZAMA, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION ON DETENTION

I.      INTRODUCTION

The United States Constitution states that: "Excessive bail shall not be required . . ." U.S. Const. amend. VIII. The right to bail under the Eighth Amendment is not an absolute one, and Congress may restrict the category of cases in which bail will be allowed.

The Bail Reform Act of 1984 requires courts to detain prior to trial arrestees charged with certain serious felonies if the Government demonstrates by clear and convincing evidence after an adversary hearing that no release conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Act provides arrestees with several procedural rights at the detention hearing, including the right to request counsel, to testify, to present witnesses, to proffer evidence, and to cross-examine other witnesses. The Act also specifies the factors to be considered in making the

detention decision, including the nature and seriousness of the charges, the substantiality of the Government's evidence, the arrestee's background and characteristics, and the nature and seriousness of the danger posed by his release. Under the Act, a decision to detain must be supported by written findings of fact and a statement of reasons and is immediately reviewable.

## II.     PROCEDURAL BACKGROUND

The Defendant was indicted as part of a major drug conspiracy on June 9, 2022. A warrant was issued for his arrest. On June 15, 2022, the Court was notified that the defendant was in custody (Doc. 9) and a hearing was scheduled that day (Doc. 10) for June 17, 2022.

On June 17, 2022, Defendant appeared for his initial appearance and arraignment on the Indictment. Counsel was appointed, The Government moved for detention due to a presumption of detention and lengthy criminal history. Defense counsel opposed detention and requested a detention hearing. The Court asked Defense counsel to file a release plan before scheduling a hearing. Defendant was detained pending a detention hearing (Doc. 28). On June 22, the court scheduled the detention hearing for June 29, 2022 (Doc. 44).

On June 29, 2022, defense counsel proffered Defendant's release to the marital residence at 3102 Upper Road, Shamokin, PA arguing that there are conditions and/or a combination of conditions that could be put in place to warrant

Defendant's release. The Government argued in support of Defendant's continued detention, noting he has a lengthy criminal history, the proposed residence has had multiple visits by police on a variety of 911 calls, and his wife has a concerning prior criminal history. The Government also argued the weight of the evidence against this defendant. After hearing both proffers the Court asked to question his wife as the Third-Party Custodian, but she was not available to attend this hearing. Defense counsel requested a continuance of the Detention Hearing to a date and time when Defendant's wife could appear in person for questioning. This continuance request was granted, and the Defendant was detained pending the next Detention Hearing (Doc. 53).

A hearing was scheduled for July 13, 2022, to allow the wife to testify as a potential third-party custodian (Doc. 54). On July 13, 2022, Defendant filed a request for another continuance of the detention hearing (Doc. 61) indicating that the proposed third-party custodian (apparently not the wife) notified defense counsel the previous evening that she was now unwilling to serve as third-party custodian. The hearing was continued to August 16, 2022 (Doc. 62) to allow the Defendant to proffer a second release plan.

On August 16, 2022, another detention hearing was held. Defendant's wife, Connie Rivera-Lezama testified. She was asked about her prior criminal record and issues of domestic discord involving the Defendant. The Court ordered a home

inspection by the probation department to determine the suitability of the marital residence for home detention, home incarceration or stand-alone monitoring. The Defendant was detained pending receipt of the report and a decision by the court (Doc. 71). That report was circulated to counsel and the Court, and the matter is ripe for decision.

While the detention hearings were being held the case was set for trial and continued two times (Docs. 55, 64, 78). Three weeks after the second scheduled trial date of August 1, 2022, that is on August 22, 2022, this Defendant filed a series of pre-trial motions (Docs. 72, 73, 74, 75, & 76). The case is currently set for trial on February 6, 2023 (Doc. 78).

### III.   THE PRESUMPTION OF DETENTION

The Bail Reform Act of 1984 provides that a defendant must be released pending trial unless the court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(a). If there is probable cause to believe that the defendant committed an offense for which the Controlled Substances Act prescribes a maximum term of imprisonment of ten or more years, however, a rebuttable presumption arises that no combination of conditions will ensure the defendant's appearance or assure the community's safety. See § 3142(e) (2)-(3).

Defendant's indictment by a grand jury for criminal conspiracy, distribution, and possession with the intent to distribute a mixture or substance containing 500 grams and more of a detectable amount of methamphetamine, and a mixture or substance containing 40 grams and more of a detectable amount of fentanyl, is per se sufficient to support a finding of probable cause under § 3142(e). *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir.1986) (holding that a grand jury's indictment "is sufficient to support a finding of probable cause ... under § 3142(e)"). These charges carry a mandatory minimum of ten years and maximum term of life imprisonment under the Controlled Substances Act. *See* 21 U.S.C. § 841(b). Thus, defendant's indictment is sufficient to trigger the rebuttable presumption of § 3142.

## IV.   DEFENDANT'S CRIMINAL HISTORY

Noel Rivera-Lezama has a criminal history involving violence and at least six drug-related offenses in three different counties and two different states over a thirteen-year period. He has a history of noncompliance on community supervision, apparently never completing a period of probation without at least one violation. His first adult offense at age nineteen was for drugs and public drunkenness. He received a one-year ARD placement, but that diversion was revoked six months' later when he committed a new offense. This non-compliance with supervision continued until his most recent offense in 2019. His driver's license is suspended. Despite living in

Pennsylvania, as an adult for the past 17 years, the Pa Department of Labor and Industry has no record of any employment. *See* PTSR dated June 16, 2022.

According to a Pre-Trial Risk Assessment, approved by the Administrative Office of the United States Courts, based on the defendant's history, characteristics, and the nature of the instant offense, the defendant is a Risk Category V. Category V represents the highest possible potential risk of danger to the community and/or risk of nonappearance. *See* Pretrial Home Suitability Study dated August 30, 2022.

V.   **CONCLUSION**

I have considered the Pretrial Services Report (PTSR)[1] dated June 16, 2022, and a Pretrial Home Suitability Study[2] dated August 30, 2022, the facts proffered at the hearings, the testimony of Connie Sue Rivera-Lezama (Defendant's wife), and the arguments of counsel at each of the hearings.

Given the seriousness of the charges, the potential penalty, the defendant's criminal history, his lack of documented employment despite being thirty-four years old, and the defendant's history of non-compliance with supervision the Defendant has not overcome the presumption of detention.

Noel Rivera-Lezama presents both a risk of nonappearance and a danger to the community. There is no condition or combination of conditions that will

---

[1] Copies were provided to counsel for both parties before the initial appearance.
[2] Copies were provided by email to counsel.

reasonably assure the appearance of the defendant as required and the safety of the community.  An appropriate order will follow.

Date: October 28, 2022                              BY THE COURT

                                                                    *s/William I. Arbuckle*
                                                                    William I. Arbuckle
                                                                    U.S. Magistrate Judge